UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIAN LEE,<br><br>                    Plaintiff,<br><br>         v.<br><br>DEBT RESOLVE, INC. AND JAMES BURCHETTA,<br><br>                    Defendants. | Civil Action No.<br><br>**COMPLAINT** |

Plaintiff, Brian Lee ("Lee"), by his attorneys, White and Williams LLP, as and for his Complaint in this matter, alleges as follows:

## NATURE OF THE ACTION

1. Lee brings this action for monies due and owing to him by defendants, Debt Resolve, Inc. ("Debt Resolve" or "Borrower") and James Burchetta ("Burchetta" or "Guarantor") (collectively, "Defendants"), pursuant to the terms of a promissory note and an amended promissory note and guaranty.

## THE PARTIES

2. Lee is an individual who resides in the State of California.

3. Debt Resolve is a corporation formed under the laws of the State of Delaware, with its principal place of business in White Plains, New York.

4. Burchetta is an individual who resides in the State of Florida.

## JURISDICTION

5. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000, exclusive of costs and interest, and there is complete diversity of citizenship between the parties.

15537835v.1

6.     This Court has personal jurisdiction over Defendants pursuant to the terms of the Note and the Amended Note and Guaranty, as defined below, and over Debt Resolve because its principal place of business is located in this district.

7.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Debt Resolve's principal place of business is located in this district, and a substantial part of the events giving rise to Lee's claims occurred in this district.

## PLAINTIFF'S FIRST CLAIM FOR RELIEF

### (Breach of Promissory Note Against Debt Resolve)

8.     Lee repeats and realleges each and every allegation contained in Paragraphs 1 through 7, inclusive, as though fully set forth herein.

9.     On or about December 21, 2007, for valuable consideration, Debt Resolve executed and delivered to Lee an Amended and Restated Senior Secured Promissory Note (the "Note").

10.    Pursuant to the terms of the Note, Debt Resolve promised to pay Lee the principal amount of $125,000, together with interest at a rate of 12% per annum.

11.    On or about April 9, 2008, for valuable consideration, Debt Resolve and Burchetta executed and delivered to Lee an Amendment No. 1 to Amended and Restated Senior Secured Promissory Note of Debt Resolve, Inc. and Guaranty of James Burchetta (the "Amended Note and Guaranty"), which incorporates by reference the terms of Note (collectively, the "Notes").

12.    Pursuant to the terms of the Amended Note and Guaranty, Debt Resolve promised to pay Lee an additional $198,000, for an aggregate principal amount of $323,000.

15537835v.1

13. In addition, under the terms of the Notes, Debt Resolve promised to pay Lee a "5% note servicing fee which may be deducted from the initial funding of $125,000 on December 21, 2007…[and] a 10% note servicing fee which may be deducted from the $198,000 funded on or about April 9, 2008" (collectively, the "Servicing Fees").

14. Pursuant to the terms of the Notes, the aggregate principal amount of $323,000, together with accrued interest, was due and owing to Lee on June 21, 2009.

15. Subsequent thereto, the amount of $145,000 was paid on Debt Resolve's behalf (the "Payment").

16. Pursuant to the terms of the Notes, the Payment "shall be applied first to the payment of accrued and unpaid interest, with the balance remaining applied to the payment of the unpaid principal balance."

17. As a result of the foregoing, after applying the Payment in accordance with the terms of the Notes, Lee is entitled to judgment against Debt Resolve for the amount of unpaid principal balance, together with Servicing Fees in the amount of $26,050, accrued interest, attorneys' fees, costs, and disbursements, no part of which has been paid, despite due demand therefor.

## PLAINTIFF'S SECOND CLAIM FOR RELIEF

### (Breach of Guaranty Against Burchetta)

18. Lee repeats and realleges each and every allegation contained in Paragraphs 1 through 17, inclusive, as though fully set forth herein.

19. Pursuant to the terms of the Amended Note and Guaranty, Burchetta absolutely, independently, and unconditionally guaranteed payment of any and all indebtedness of Debt Resolve.

15537835v.1

20. As set forth above, after applying the Payment in accordance with the terms of the Notes, the unpaid principal balance, together with Servicing Fees in the amount of $26,050, accrued interest, attorneys' fees, costs, and disbursements, remains due and owing to Lee, no part of which has been paid, despite due demand therefor.

21. As a result of the foregoing, after applying the Payment in accordance with the terms of the Notes, Lee is entitled to judgment against Burchetta for the amount of the unpaid principal balance, together with Servicing Fees in the amount of $26,050, accrued interest, attorneys' fees, costs, and disbursements.

**WHEREFORE**, Lee respectfully requests judgment in his favor and against Debt Resolve and Burchetta as follows: (i) on his First Claim for Relief, the unpaid principal balance of the Notes, together with accrued interest at the rate of 12% per annum; (ii) on his Second Claim for Relief, the unpaid principal balance of the Notes, together with accrued interest at the rate of 12% per annum; and (iii) on both Claims for Relief, such other, further and different relief as is just, necessary and proper, including, but not limited to, Servicing Fees in the amount of $26,050, attorneys' fees, costs, and disbursements incurred as a result of this action.

Dated: New York, New York  
      June 22, 2015

WHITE AND WILLIAMS LLP  
Attorneys for Plaintiff  
One Penn Plaza, Suite 4110  
New York, New York 10119  
(212) 868-4831

By: _____  
    Brittney M. Edwards (BE2470)

15537835v.1